**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Jason J. Kim (State Bar No. 221476)
kimj@HuntonAK.com
Jeff R. R. Nelson (State Bar No. 301546)
jnelson@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone:  (213) 532-2000
Facsimile:  (213) 532-2020

Attorneys for Plaintiff
FACEBOOK, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| FACEBOOK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JEDIMOBI TECH PTE. LTD. and LIONMOBI HOLDING, LTD.,<br><br>Defendants. | CASE NO.:  3:19-CV-04556-LB<br><br>**PLAINTIFF FACEBOOK, INC.'S CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:         November 7, 2019<br>Time:        9:30 a.m.<br>Courtroom: B, 15th Floor |

PLAINTIFF'S CASE MANAGEMENT CONFERENCE STATEMENT
3:19-cv-04556-LB

Plaintiff Facebook, Inc. ("Facebook") submits the following Case Management Statement, pursuant to the Court's August 7, 2019 Order Setting Initial Case Management Conference and ADR Deadlines ("CMC Order").

On October 17, 2019, counsel for Facebook, Jason J. Kim and Jeff R. R. Nelson, conferred telephonically with counsel for Defendants, Aharon S. Kaye, regarding the status of this case.

Defendants' counsel stated he had only recently been retained by Defendants, had yet to retain California counsel, and thus, was not in a position to engage meaningfully with respect to the requisite Rule 26(f) topics. Accordingly, Defendants' counsel stated that Defendants would not be in a position to submit a Case Management Statement jointly.

For those reasons, submission of a joint filing presently is not possible. Accordingly, Facebook submits this Case Management Statement solely on its own behalf.

### 1. Jurisdiction and Service

This Court has federal question jurisdiction under 28 U.S.C. § 1331 in light of the federal cause of action alleged in the complaint under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030. Similarly, this Court has supplemental jurisdiction over the state law causes of action alleged in the complaint under 28 U.S.C. § 1367, as those claims arise out of the same nucleus of operative fact as the CFAA claim. Likewise, this Court has jurisdiction over all causes of action alleged in the complaint under 28 U.S.C. § 1332 because complete diversity exists between the parties, and the amount in controversy exceeds $75,000.

Defendants waived formal service of process on August 21, 2019. ECF Nos. 10 & 11.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## 2. Facts

Defendants are application developers that deceived their users into installing fraudulent and malicious apps from the Google Play store starting in 2018. Unbeknownst to the app users, Defendants delivered and installed malware onto the app users' mobile devices through the apps. Defendants designed the malware to create the false impression that the app user clicked on advertisements delivered to the user's device, a practice known as "click injection fraud." Defendants specifically targeted ads serviced by Facebook, which pays third-party app developers a percentage of the net revenue generated from the ads delivered on their apps. Generally, the payment amounts are affected by the number of clicks attributed to the ads displayed on a particular app. Through the use of malware delivered on their apps, Defendants defrauded Facebook by overstating the number of genuine clicks they generated. Facebook identified Defendants and their scheme through an investigation of malicious apps and disabled Defendants' known Facebook and advertising accounts in 2018. As a result of Defendants' scheme and the clicks they fabricated, Facebook paid Defendants advertising revenue to which they were not entitled. Defendants likewise caused Facebook to incur substantial costs to investigate, remediate, and prevent their wrongdoing. Facebook has suffered substantial harm as a result of Defendants' interference with Facebook's service and computer network, as set forth in the complaint.

## 3. Legal Issues

The principal legal issues in dispute are:

- Whether Defendants' conduct constitutes a breach of Facebook's Facebook Terms of Service ("TOS"), Platform Policy, Audience Network Terms, and Audience Network Policy ("Policies");
- Whether Defendants' conduct violates the Computer Fraud and Abuse Act, 18 U.S.C. § 1030;

- Whether Defendants' conduct violates Section 502 of the California Penal Code; and
- Whether Defendants defrauded Facebook.

**4.  Motions**

Facebook anticipates it will bring discovery motions (as necessary) and pretrial motions.

**5.  Amendment of Pleadings**

Facebook does not anticipate amending its complaint at this time.

**6.  Evidence Preservation**

Facebook has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  Facebook anticipates the parties will meet and confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve relevant evidence after Defendants have retained California counsel and appeared in the action.

**7.  Disclosures**

Facebook anticipates the parties will meet and confer to agree upon an appropriate deadline by which to exchange initial disclosures after Defendants have retained California counsel and appeared in the action.

**8.  Discovery**

The parties have not taken any discovery to date.

**Scope of Anticipated Discovery:**

Facebook intends to seek discovery—through depositions, interrogatories, document requests, and requests for admissions—on Defendants' operations insofar as they relate to the wrongdoings alleged in the complaint, including discovery on the following topics:

- A complete description of Defendants' methods for simulating user clicks and ad impressions;

- Any documents or communications relating to Defendants' methods for simulating user clicks and ad impressions;
- Any computer code Defendants have utilized—directly or indirectly—to simulate user clicks and ad impressions;
- Any computer code Defendants have utilized—directly or indirectly—to conceal the operation of their apps from Facebook;
- Any computer code Defendants have utilized—directly or indirectly—to interact with Facebook's platform, computers, and servers;
- The identification of any individuals involved in the development of any such code;
- The identification of any computer infrastructure used to facilitate the activities alleged in the complaint;
- Any apps distributed by Defendants, including any updates delivered to those apps;
- The identification of any individuals involved in the development of such apps;
- Any advertising associated with such apps; and
- Revenue generated by Defendants in connection with the activities alleged in the complaint.

**Changes to Limitations on Discovery:** Facebook does not believe it is necessary to limit or modify the discovery rules set forth in the Federal Rules of Civil Procedure and Local Rules.

**Protective Order:** Facebook anticipates the need for a protective order to maintain the confidentiality of proprietary and confidential information that may be involved in this action. Facebook anticipates the parties will be in a position to discuss the entry of a stipulated protective order after Defendants have retained California counsel and appeared in the action.

### 9. Class Action

Not applicable.

### 10. Related Cases

There are no related cases or proceedings pending before another judge of this Court, or before another Court or administrative body.

### 11. Relief

As set forth in the complaint, Facebook seeks a permanent injunction enjoining and restraining Defendants from accessing or attempting to access Facebook's website and computer systems; creating or maintaining any Facebook accounts in violation of Facebook's TOS; engaging in any activity to defraud Facebook or its users; and engaging in any activity, or facilitating others to do the same, that violates Facebook's TOS and Policies.

Facebook also seeks compensatory, statutory, and punitive damages, restitution, as well as costs and attorney's fees.

### 12. Settlement and ADR

Facebook prefers to discuss ADR selection at the Initial Case Management Conference.

### 13. Consent to Magistrate for all Purposes

Facebook has consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ECF No. 9. Defendants have yet to consent—or decline consent—to magistrate judge jurisdiction.

### 14. Other References

Facebook does not believe a reference is necessary.

### 15. Narrowing of Issues

The issues cannot be narrowed at this time.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### 16. Expedited Trial Procedure

Facebook does not believe this case is appropriate for an expedited trial procedure.

### 17. Scheduling

Facebook believes it makes sense to discuss scheduling issues with Defendants—*i.e.*, expert designations, discovery cutoff, dispositive motions, pretrial conference, and trial—after they have retained California counsel and appeared in the action.

### 18. Trial

Facebook demands a trial by jury on all issues triable to a jury. Facebook expects trial to last five to ten days.

### 19. Disclosure of Non-Party Interested Entities or Persons

Facebook has filed the appropriate certifications required by Civil Local Rule 3-15 and the Federal Rules of Civil Procedure. Facebook is not aware of any persons or entities with a financial or any other interest in the subject matter in controversy other than the named parties.

### 20. Professional Conduct

All attorneys of record for Facebook have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. Other Matters

Facebook has no other matters to bring to the Court's attention at this time.

Dated: October 31, 2019
　　　　　　　　　　　　　　　　　　　　　HUNTON ANDREWS KURTH LLP

　　　　　　　　　　　　　　　　　　　　　By: /s/ Jeff R. R. Nelson
　　　　　　　　　　　　　　　　　　　　　　　Ann Marie Mortimer
　　　　　　　　　　　　　　　　　　　　　　　Jason J. Kim
　　　　　　　　　　　　　　　　　　　　　　　Jeff R. R. Nelson
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　FACEBOOK, INC.